DCP:JRS/GSK/DAS
F. #2021R00900

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - X

| | |
|---|---|
| UNITED STATES OF AMERICA | I N F O R M A T I O N |
| - against - | Cr. No. 23-47 (EK) |
| SAMIR RAO, | (T. 18, U.S.C., §§ 371, 981(a)(1)(C), 1028A(a)(1), 1028A(b), 1028A(c)(5), 1349, 2 and 3551 et seq.; T. 21, U.S.C., |
| Defendant. | § 853(p); T. 28, U.S.C., § 2461(c)) |

- - - - - - - - - - - - - - - - - - - - - - - - - - - X

THE UNITED STATES ATTORNEY CHARGES:

INTRODUCTION

At all times relevant to this Information, unless otherwise indicated:

I.  The Defendant and Relevant Entities

1. Ozy Media, Inc. ("OZY") was a Delaware corporation headquartered in Mountain View, California. OZY was a media and entertainment company whose businesses included digital newsletters, television production, podcasts and live events.

2. The defendant SAMIR RAO was a resident of Menlo Park, California, and Palo Alto, California. RAO was OZY's Chief Operating Officer.

II. The Fraudulent Scheme

3. In or about and between 2018 and 2021, the defendant SAMIR RAO, together with others, engaged in a scheme to defraud OZY's investors, potential investors, potential acquirors, lenders and potential lenders through material misrepresentations and omissions about, among other things, OZY's historical and projected financial results, OZY's debts, OZY's audience numbers, the identities of OZY's investors and the sizes of their

investments, the existence and timing of investment rounds, the identities of OZY's business partners, the existence and terms of key contracts and purported offers to purchase OZY by high-profile corporations.

## COUNT ONE
(Conspiracy to Commit Securities Fraud)

4. The allegations contained in paragraphs one through three are realleged and incorporated as if fully set forth in this paragraph.

5. In or about and between January 2018 and October 2021, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant SAMIR RAO, together with others, did knowingly and willfully conspire to use and employ manipulative and deceptive devices and contrivances, contrary to Rule 10b-5 of the Rules and Regulations of the United States Securities and Exchange Commission, Title 17, Code of Federal Regulations, Section 240.10b-5, by: (i) employing one or more devices, schemes and artifices to defraud; (ii) making one or more untrue statements of material fact and omitting to state one or more material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; and (iii) engaging in one or more acts, practices and courses of business which would and did operate as a fraud and deceit upon one or more investors and potential investors in OZY, in connection with the purchase and sale of investments in OZY, directly and indirectly, by use of means and instrumentalities of interstate commerce and the mails, contrary to Title 15, United States Code, Sections 78j(b) and 78ff.

6. In furtherance of the conspiracy and to effect its objects, within the Eastern District of New York and elsewhere, the defendant SAMIR RAO, together with others, did commit and cause to be committed, among others, the following:

## OVERT ACTS

(a)  On or about March 21, 2018, RAO sent an email to a partner at a private equity company who resides in Brooklyn, New York ("Investor 1"), an individual whose identity is known to the United States Attorney. Investor 1 had asked RAO for a justification of OZY's purported valuation in connection with the sale of OZY convertible notes. Investor 1 told RAO that he wanted to provide the justification to another potential investor in OZY. RAO's email to Investor 1 falsely stated that one justification for the valuation was that OZY's 2017 revenue was approximately $12 million.

(b)  On or about August 20, 2019, RAO sent an email to an intermediary engaged by OZY to assist OZY in raising funds from Middle Eastern investors in which he falsely stated, among other things, "We are pleased to share that we have commitments from both [a television personality, whose identity is known to the United States Attorney] and [a live entertainment company, the identity of which is known to the United States Attorney] to lead our Series D financing round."

(c)  In or about October 2019, RAO, together with others, altered contracts for two of OZY's television shows to make the contracts' terms appear to be significantly more favorable to OZY than the true contracts were and then emailed the falsified documents to a potential OZY acquiror.

(d)  On or about January 21, 2020, at approximately 11:38 p.m. (PST), RAO sent an email to an OZY investor, an individual whose identity is known to the United States Attorney, to which he attached a letter falsely stating, among other things, "While we are still finalizing our numbers, early indication is that OZY revenue grew about 50% last year to ~$30M."

(e) On or about February 14, 2020, RAO sent an email to the representative of an OZY investor, an individual whose identity is known to the United States Attorney, in which he falsely stated, among other things, that OZY generated approximately $34 million in revenue in 2019 and $20 million in revenue in 2018.

(f) On or about February 28, 2020, RAO emailed several lenders located in Brooklyn, New York, in connection with removing liens to satisfy the conditions of an anticipated loan to OZY that RAO, together with others, had obtained through fraudulent misrepresentations and omissions.

(g) In or about January 2021, RAO, together with others, created a falsified version of OZY's general ledger, which included a line-by-line listing of the company's purported accounting, that aligned with the fabricated financial figures that RAO and others had provided to a potential OZY investor ("Financial Institution 1"), an entity the identity of which is known to the United States Attorney.

(h) On or about January 19, 2021, during a call with the accountants retained by Financial Institution 1 to perform due diligence on OZY, which call was joined by a representative of Financial Institution 1 ("Financial Institution 1 Representative"), an individual whose identity is known to the United States Attorney, RAO sent a text message to a co-conspirator whose identity is known to the United States Attorney, stating, "Remember [Financial Institution 1 Representative] is on and [an online video service ("Video Service 1"), an entity the identity of which is known to the United States Attorney] is paying us."

(i) On or about February 2, 2021, RAO spoke by telephone with employees of Financial Institution 1 and impersonated an executive of Video Service 1 using a

voice alteration application. During the call, RAO misrepresented not only his identity, but also the business relationship between OZY and Video Service 1.

(Title 18, United States Code, Sections 371 and 3551 et seq.)

## COUNT TWO
(Conspiracy to Commit Wire Fraud)

7. The allegations contained in paragraphs one through three are realleged and incorporated as if fully set forth in this paragraph.

8. In or about and between January 2018 and October 2021, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant SAMIR RAO, together with others, did knowingly and intentionally conspire to devise a scheme and artifice to defraud one or more investors and potential investors in, and lenders and potential lenders to, OZY, and to obtain money and property from them by means of one or more materially false and fraudulent pretenses, representations and promises, all affecting financial institutions and others, and for the purpose of executing such scheme and artifice, to transmit and cause to be transmitted by means of wire communication in interstate and foreign commerce writings, signs, signals, pictures and sounds, contrary to Title 18, United States Code, Section 1343.

(Title 18, United States Code, Sections 1349 and 3551 et seq.)

## COUNT THREE
(Aggravated Identity Theft)

9. The allegations contained in paragraphs one through three are realleged and incorporated as if fully set forth in this paragraph.

10. In or about and between February 2020 and February 2021, both dates being approximate and inclusive, within the Eastern District of New York, the defendant SAMIR RAO, together with others, during and in relation to the crime charged in Count Two, did

knowingly and intentionally transfer, possess and use, without lawful authority, one or more means of identification of one or more persons, knowing that the means of identification belonged to other persons.

(Title 18, United States Code, Sections 1028A(a)(1), 1028A(b), 1028A(c)(5), 2 and 3551 et seq.)

## CRIMINAL FORFEITURE ALLEGATION
## AS TO COUNTS ONE AND TWO

11. The United States hereby gives notice to the defendant that, upon his conviction of either of the offenses charged in Count One or Count Two, the government will seek forfeiture in accordance with Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), which require any person convicted of such offenses to forfeit any property, real or personal, constituting, or derived from, proceeds obtained directly or indirectly as a result of such offenses.

12. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

> (a) cannot be located upon the exercise of due diligence;
>
> (b) has been transferred or sold to, or deposited with, a third party;
>
> (c) has been placed beyond the jurisdiction of the court;
>
> (d) has been substantially diminished in value; or
>
> (e) has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Section 981(a)(1)(C); Title 21, United States Code, Section 853(p); Title 28, United States Code, Section 2461(c))

_____
BREON PEACE
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

F. #: 2021R00900
FORM DBD-34
JUN. 85

No. 

# UNITED STATES DISTRICT COURT

EASTERN *District of* NEW YORK

CRIMINAL DIVISION

THE UNITED STATES OF AMERICA

*vs.*

SAMIR RAO,

Defendant.

# INFORMATION

(T. 18, U.S.C., §§ 371, 981(a)(1)(C), 1028A(a)(1), 1028A(b), 1028A(c)(5), 1349, 2 and 3551 et seq.; T. 21, U.S.C., § 853(p); T. 28, U.S.C., § 2461(c))

*A true bill.*

_____
*Foreperson*

*Filed in open court this* _____ *day,*

*of* _____ *A.D. 20* \_\_\_\_\_

_____
*Clerk*

*Bail, $* _____

*Jonathan Siegel, Gillian Kassner and Dylan A. Stern,*
*Assistant U.S. Attorneys (718) 254-6293/6224/6213*