UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------x

UNITED STATES OF AMERICA,

                                               **MEMORANDUM & ORDER**

          -against-                         23-CR-47(EK)

SAMIR RAO,

               Defendant.

-------------------------------------x
ERIC KOMITEE, United States District Judge:

       Samir Rao pleaded guilty to conspiracy to commit securities fraud, conspiracy to commit wire fraud, and aggravated identity theft. On January 7, he was sentenced to time served, followed by two years of supervised release. The Court deferred calculation of the precise amount of restitution pursuant to 18 U.S.C. § 3664(d)(5). I now conclude that the total amount owed to the victims of the charged scheme is $36,769,153.97, and order Rao jointly and severally liable for one-third of that amount, or $12,256,384.66.[1]

       In a prior order pertaining to two of Rao's co-conspirators (Carlos Watson and Ozy Media), I concluded that the

---

[1] At Rao's request, and without opposition from the government, the Court deferred entry of this restitution order beyond the ninety-day period specified in 18 U.S.C. § 3664(d)(5). ECF Nos. 44, 45. This does not, however, preclude the Court from entering an order of restitution now. Even after ninety days, a court "retains the power to order restitution — at least where, as here, [it] made clear prior to the deadline's expiration that it would order restitution, leaving open (for more than [ninety] days) only the amount." *Dolan v. United States*, 560 U.S. 605, 608 (2010); *see also* Rao Sentencing Tr. 16:19-17:19, ECF No. 40 (indicating that restitution was mandatory and would be ordered).

victims' losses total $36,769,153.97.  *See* Post-Trial Order 45, *United States v. Watson*, No. 23-CR-82 (E.D.N.Y. Feb. 16, 2025) ("Watson Post-Trial Order"), ECF No. 388.  Both Rao and the government agree that this figure applies here as well.  *See* ECF Nos. 42, 43.  Thus, the only remaining question is the share of that amount for which Rao will be jointly and severally liable.

In cases involving multiple defendants, a court may "apportion liability among the defendants to reflect the level of contribution to the victim's loss and economic circumstances of each defendant."  18 U.S.C. § 3664(h); *see also United States v. Yalincak*, 30 F.4th 115, 125-26 (2d Cir. 2022) (court may "limit the restitution obligation for some participants in a crime while concurrently holding other participants liable for the full amount of the loss").[2]  As I have previously explained, *see* ECF No. 45, Rao is substantially less culpable than Watson. Rao was "second in command," rather than the "primary architect" of the fraud, and acted at Watson's discretion in carrying out the most important aspects of the scheme.  Rao Sentencing Tr. 56:2-13, 53:25-54:3.  He also had substantially less work experience than Watson when they started Ozy.  *See* Trial Tr. 220:13-21, *United States v. Watson*, No. 23-CR-82 (E.D.N.Y. July 23, 2024), ECF No. 262 (transcript of proceedings held on May

---

[2] Unless otherwise noted, when quoting judicial decisions this order accepts all alterations and omits all citations, footnotes, and internal quotation marks.

29, 2024).  Thus, it is appropriate that Rao should be jointly and severally liable for a meaningfully smaller portion of restitution than Watson.

Rao argues (without opposition from the government) that holding him liable for one-third of the total amount will reflect his culpability and level of contribution to his victims' losses.  ECF Nos. 43, 46.  I agree that this amount reasonably reflects Rao's lesser (but nevertheless substantial) contribution to the charged scheme.  Rao will therefore be jointly and severally liable for one-third of the total restitution amount.

As a final note, the fact that the President recently commuted the sentences of Watson and Ozy Media — including the restitution component — does not require that Rao be liable for a higher share of restitution, despite the fact that no defendants will remain (even in the aggregate) liable for 100% of the victim's losses.  First, the Mandatory Victims Restitution Act ("MVRA") requires only that I "order" restitution in the full amount.  18 U.S.C. § 3663A(a)(1).  I have already done so with respect to Watson and Ozy Media, *see* Watson Post-Trial Order 45, and that judgment remains intact, notwithstanding the commutations.  *See United States v. Benz*, 282 U.S. 304, 311 (1931) ("To cut short a sentence by an act of clemency is an exercise of executive power which abridges the

3

enforcement of the judgment, *but does not alter it qua judgment*." (emphasis added)).  Second, when limiting a defendant's restitution obligations, I need consider only the defendant's "economic circumstances" and his "level of contribution to the victim's loss[es]."  18 U.S.C. § 3664(h).  The commutation does not affect either factor, so it does not affect my determination as to Rao's liability under Section 3664(h).

For the foregoing reasons, Rao will be jointly and severally liable for restitution in the amount of $12,256,384.66.  An amended judgment reflecting that amount will issue.

SO ORDERED.

    /s/ Eric Komitee
ERIC KOMITEE
United States District Judge

Dated:    June 18, 2025
         Brooklyn, New York